IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAIME GUIJOSA-SILVA, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 7:10-CV-17 (HL) |
| WENDELL ROBERSON FARMS, INC., et al., | |
| Defendants. | |

**ORDER**

A pretrial conference was held in this case on July 17, 2012. During the conference, several pending motions were argued. The Court enters the following order on those motions.

I. **Plaintiffs' Motion to Allow Videoconferencing of Two Non-Party Witnesses (Doc. 126)**

For the reasons stated from the bench, the Motion is denied. Neither Eloy Alanis nor Dawn Tindal-Davis will be allowed to testify via videoconference. However, the testimony of Dawn Tindal-Davis, one of the witnesses to whom this Motion refers, has been stipulated by the parties. Her testimony is available through her affidavit, which may be read during trial. The affidavit will not be an exhibit that will be sent back with the jury.

II. **Plaintiffs' Motion to Set Trial Date (Doc. 125)**

This Motion was granted from the bench. According to the Court's order, voir dire in this case will be conducted on Monday, July 30, 2012 and the trial will begin on Monday, August 6, 2012.

III. **Plaintiffs' Motion in Limine (Doc. 123)**

Plaintiffs' Motion in Limine is granted in part and denied in part. The Motion has several different subsections, each of which is discussed below.

a. **Failure to mitigate defense**

At the pretrial conference, Plaintiffs argued that Defendants should be prevented from arguing a failure to mitigate defense because they neglected to mention this defense in their answer. According to Eleventh Circuit jurisprudence, the failure to mitigate is construed as an affirmative defense under Federal Rule of Civil Procedure 8(c) and should be affirmatively pled. Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000). However, the Eleventh Circuit also provides that the court "must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (11th Cir. 1988).

In this case, the Court is not convinced that excluding a failure to mitigate defense would best serve the purposes of Rule 8(c). The purpose of Rule 8(c) is to ensure that the opposing party has notice of those issues that may be raised at trial so that they have adequate time to prepare a response. Id. Depending on

the context in which the defense is raised, it may be proper at trial. Thus, the Court reserves ruling on this issue until trial.

### b. Interim earnings

Plaintiffs requested an order precluding any evidence of Plaintiffs' interim earnings with the exception of information about interim earnings presented in Plaintiffs' interrogatory responses. The Court overruled the request at the pretrial conference, finding that evidence of interim earnings is an appropriate subject for cross-examination at trial. If Plaintiffs choose to testify, they will be subject to questioning about interim earnings.[1]

### c. Immigration status

Plaintiffs moved to exclude from trial any questioning or arguments regarding the immigration status of Plaintiffs except for the time period when Plaintiffs were working at Wendell Roberson Farms. For the reasons stated at the pretrial conference, Plaintiffs' request to exclude evidence of Plaintiffs' immigration status is denied.

### d. Adverse action

Plaintiffs asked the Court to prohibit Defendants from arguing the second prong of the prima facie case for retaliation – adverse action. Plaintiffs argue that the fact that they were not rehired by Defendants should stand alone and sufficiently establish that an adverse employment action occurred. For the

---

[1] Plaintiffs informed the Court that they intend to submit a jury charge relevant to the issue of interim earnings. They Court will review the charge when it is submitted and determine at that point whether it is appropriate.

reasons stated from the bench, Plaintiffs' request to prohibit argument about the second prong is denied. Argument by the parties about this issue will be allowed during trial.

### e. Raising new reasons for not rehiring Plaintiffs

At the pretrial conference, the parties agreed to a resolution on this issue. Thus, the issue of raising new reasons for not rehiring Plaintiffs is moot.

### f. Plaintiffs' representation by Georgia Legal Services

The parties discussed the issue of Plaintiffs' representation by Georgia Legal Services at the pretrial conference and came to an agreement. Defense counsel agreed not to overstress the fact that Plaintiffs are receiving free legal representation, which satisfied Plaintiffs' counsel. Thus, the issue of Plaintiffs' representation is moot.

### g. Plaintiffs' tax obligations

Plaintiffs asked the Court to exclude any argument or discussion at trial about Plaintiffs' tax obligations. Plaintiffs argued that there was a potential for prejudice if Plaintiffs admitted that they were not obligated to pay taxes for work performed in the United States. For the reasons stated at the pretrial, the Motion in relation to Plaintiffs' tax obligations is overruled.

### h. Possibility of liquidated damages and attorneys' fees

For the reasons stated from the bench, Plaintiffs' Motion in regard to liquidated damages and attorneys' fees is granted. Liquidated damages and attorneys' fees shall not be mentioned at trial. Additionally, the possible

consequences of any judgment shall also be excluded from argument or questioning at trial.

### i. Documents Defendants claim to have reviewed in 2008

The parties reached an agreement at the pretrial conference as to the issue of documents that Defendants claim to have reviewed in 2008. Thus, the issue is moot.

### j. Testimony of Sam Martinez and Jorge Gomez

Plaintiffs requested that the Court exclude testimony of Sam Martinez and Jorge Gomez about general practices in the farming industry, claiming that this testimony is expert testimony that is improper coming from lay witnesses. The Court reserves any ruling on this issue for trial.

## IV. Defendants' Motion to Exclude Charlotte Sanders Alexander and Heather Bargeron as Witnesses (Doc. 117)

In their Motion, Defendants argue that Charlotte Sanders Alexander and Heather Bargeron should be excluded as witnesses because they were not previously identified. Over Plaintiffs' objection, the Court ruled from the bench at the pretrial conference that the witnesses shall be excluded. Thus, Defendants' Motion is granted.

## V. Defendants' Motion in Limine (Doc. 111)

Defendants' Motion in Limine is granted in part and denied in part. As in Plaintiffs' Motion in Limine, Defendants' Motion has several subparts requiring resolution by the Court. Each of these is discussed below.

a. **Defendants' financial status**

At the pretrial conference, the parties came to an agreement about evidence regarding Defendants' financial status. Pursuant to that understanding, the parties agreed that the total net assets of Defendants are not appropriate for argument or questioning at trial. Any documents mentioning Defendants' net worth will be redacted or excluded for the years 2007 and 2008. The parties informed the Court that they anticipated submitting a joint exhibit that complied with the stipulations reached by the parties.

b. **Plaintiffs' financial status**

At the pretrial conference, the Court granted Defendants' request to exclude evidence of Plaintiffs' financial status. Though Plaintiffs' counsel argued that the worldly circumstances of Plaintiffs were relevant for the purpose of showing context, the Court disagreed. The reason that Plaintiffs wish to be rehired is irrelevant; only the fact that they did wish to be rehired is pertinent for purposes of this case. Thus, no mention of Plaintiffs' financial status will be allowed at trial.

c. **Evidence of previous settlements or settlement discussions; evidence of Defendants' character or prior acts; evidence of prior settlement orders and consent orders**

Defendants' Motion in Limine asks the Court to preclude Plaintiffs from utilizing, alluding to, or offering into evidence past settlements or settlement discussions, as well as Defendants' character or prior acts. Defendants also ask the Court to preclude Plaintiffs from referring to or disclosing to the jury any

documents executed as a part of the prior settlements or consent orders between the parties. This request seeks to keep the present litigation separate and distinct from the long, litigious history between the parties.

The history of the parties began in 2004. In 2004, Plaintiffs filed the underlying action to this case to adjudicate their rights as legal H-2A workers under the Fair Labor Standards Act (FLSA). Plaintiffs' complaint primarily accused Defendants of improperly calculating their wages in violation of their labor contracts and FLSA. The case went to mediation and a consent order was entered on August 22, 2005. Vergara-Perdomo v. Wendell Roberson Farms, 1:04-cv-77 (WLS) (Doc. 89.) The consent order did not admit liability on the part of Defendants and allowed the Court to maintain jurisdiction to enforce the settlement.

On December 20, 2005, a motion for contempt was filed by Plaintiffs, alleging that Defendants were violating the first consent order by subcontracting farm labor to illegal aliens, among other violations. A second consent order was entered on March 21, 2006. Vergara-Perdomo v. Wendell Roberson Farms, 1:04-cv-77 (WLS) (Doc. 115.)  This second consent order required Defendants to participate in the E-Verify program to check the immigration status of their workers, to pay their field workers for additional "rubberband" time, and to prevent retaliation and agree to rehire Plaintiffs for the 2006-2007 season.

On March 14, 2007, Plaintiffs filed a second motion for contempt. Plaintiffs alleged that Defendants were failing to abide by the previous two consent orders.

An order was entered by Judge Sands on August 1, 2007, finding that Defendants failed to pay the additional rubberband pay and failed to comply with the requirement to participate in the E-Verify program as ordered. (Doc. 1-3.) The order further stated that Plaintiffs' motion for contempt regarding the failure to rehire was denied as to the 2006-2007 season, but granted as to the spring 2007 season. (Doc. 1-3.) Defendants were ordered to pay damages to Plaintiffs for their failure to comply. (Doc. 1-3.)  Plaintiffs now contend that, despite the previous orders, Defendants continue their practice of discrimination and retaliation, and these claims serve as the basis of the current litigation.

Defendants argue that any evidence of the history summarized above should be excluded from trial because of the potential for prejudice. Plaintiffs, on the other hand, wish to enter the prior orders into evidence to show the history of litigation between the parties and show possible motive or intent to retaliate.

Under Federal Rule of Evidence 404(b), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, evidence of a prior wrong or act is admissible if it is used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). In a retaliation case, this exception to Rule 404(b) can apply to allow evidence of prior retaliatory acts to be used to prove a plaintiff's retaliation claims. Buckley v. Mukasey, 538 F.3d 306, 319-20 (4th Cir. 2008). In Goldsmith

v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1286 (11th Cir. 2008), the Eleventh Circuit allowed evidence of prior discriminatory conduct to prove a claim of retaliation. In that case, there was evidence that the named defendant had previously engaged in discriminatory conduct against non-plaintiffs. Id. The court allowed this "me too" evidence under Rule 404(b), stating that the evidence was admissible "to prove the intent of [the defendant] to discriminate and retaliate." Id.

In this case, the Court finds that it is appropriate to allow the history of the litigation between the parties to be presented on a limited basis. Questioning and argument about past settlements and consent orders between the parties, as well as any other events that have occurred since this litigation began in 2004, will be allowed at trial. The contentious relationship between the parties is essential to understanding the current retaliation claim, and questioning on this subject is permissible. The Court reserves its ruling on the evidentiary admissibility of any of the prior orders, settlement documents, or related materials until trial.

### d. **Summaries of disputed evidence**

Defendants' requested that the Court enter an order prohibiting Plaintiffs from using any summaries of disputed evidence. The issue was discussed at the pretrial conference, and the Court ruled from the bench that all summaries based on information from the interrogatories would be improper for use at trial and would be disallowed. All objections to other summaries prepared by Plaintiffs will be addressed at trial.

e. **Plaintiffs' interrogatory responses**

As stated above, the Court ruled during the pretrial conference that the interrogatories were not the proper subjects for summaries. As determined at the pretrial conference, this issue is moot.

VI. **Conclusion**

For the reasons stated above,

- Plaintiffs' Motion to Allow Videoconferencing (Doc. 126) is denied,

- Plaintiffs' Motion to Set Trial Date (Doc. 125) is granted,

- Plaintiffs' Motion in Limine (Doc. 123) is granted in part and denied in part,

- Defendants' Motion to Exclude Witnesses (Doc. 117) is granted, and

- Defendants' Motion in Limine (Doc. 111) is granted in part and denied in part.

Any objections that have not been addressed above will be resolved during trial.

**SO ORDERED**, this 20th day of July, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr