IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JAIME GUIJOSA-SILVA, et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **WENDELL ROBERSON FARMS, INC.**, **et al.**, <br><br> Defendants. | Civil Action No. 7:10-CV-17 (HL) |

**ORDER**

Before the Court is a Motion for a New Trial filed by Plaintiffs Jaime Guijosa-Silva, et al. ("Plaintiffs") (Doc. 153). For the reasons stated below, the Motion is denied.

I.   **BACKGROUND**

This case was filed by Plaintiffs in March 2010 under the Fair Labor Standards Act ("FLSA"). Plaintiffs, a group of Mexican farm workers employed legally by Defendant Wendell Roberson Farms under the federal H-2A program, allege that they were retaliated against in violation of the FLSA and the employment contract between the parties.

Defendants filed a motion for summary judgment in March 2011 (Doc. 45) and Plaintiffs filed a partial motion for summary judgment in April 2011 (Doc. 55). The Court issued an order on these motions, denying summary judgment for Defendants and granting in part and denying in part Plaintiffs' motion. The Court

granted summary judgment to Plaintiffs on the issues of Defendants' liability as "persons" under the FLSA and Defendants' liability as "employers" under the FLSA and under the contracts between the parties. (Doc. 102.) The Court also granted summary judgment in favor of Plaintiffs on five affirmative defenses put forth by Defendants. Four out of five were not contested, and the fifth affirmative defense – whether the case complied with the statute of limitations – was resolved in favor of Plaintiffs. (Doc. 102.)

In light of the Court's denial of Defendants' motion for summary judgment, the case proceeded to trial. The five-day trial took place in Valdosta, Georgia in August 2012. The jury returned a verdict for Defendants. Plaintiffs filed this motion approximately a month after the trial.

II.  **DISCUSSION**

Under Federal Rule of Civil Procedure 59, "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.…" FED. R. CIV. P. 59(a). There is no comprehensive list of reasons that would justify a new trial, but the Supreme Court of the United States has given some guidance on the issue. The Court has held that a motion for a new trial may be granted when "the verdict is against the weight of the evidence, the damages are excessive, or … for other reasons, the trial was not fair to the party moving…." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S. Ct. 189, 194 (1940).

In this case, Plaintiffs allege that a new trial is warranted for three reasons: (1) the sufficiency of the evidence; (2) the denial of one of Plaintiffs' motions in limine which Plaintiffs claim allowed Defendants to elicit improper evidence and unfairly argue whether Plaintiffs suffered an adverse action; and (3) the exclusion of direct evidence showing Defendants' intent to retaliate. These three grounds are examined below.

### A. Sufficiency of the Evidence

Plaintiffs argue that the jury verdict was against the clear weight of the evidence, warranting a new trial. Specifically, Plaintiffs claim that the verdict accepts as true Defendants' reasons explaining why Plaintiffs were not rehired back at Wendell Roberson Farms – that there was sufficient local work and that lower profit margins meant there was a need to cut back on expenses like the H-2A program. Plaintiffs contend that these reasons cannot be true because the evidence at trial conclusively demonstrated that Defendants hired undocumented workers instead of rehiring Plaintiffs. Plaintiffs further assert that there were positions available at the farm that could have been filled by Plaintiffs, and Defendants could have afforded to pay Plaintiffs despite lower profits. Thus, Plaintiffs argue that, based on the evidence, a jury could not reasonably believe Defendants' reasons for not rehiring Plaintiffs.

The standard for granting a new trial based on the sufficiency of the evidence is extremely high. "New trials should not be granted on evidentiary [sufficiency] grounds unless, at a minimum, the verdict is against the great – not

merely the greater – weight of the evidence." <u>Pensacola Motor Sales, Inc. v. Eastern Shore Toyota, LLC</u>, 684 F.3d 1211, 1231 (11th Cir. 2012). In this case, the Court does not believe that Plaintiffs are able to show that the jury verdict is against the great weight of the evidence. Defendants presented evidence of financial turmoil at Wendell Roberson Farms caused by a lack of demand for certain produce. The evidence presented by Defendants also showed substantial losses on the farm in both sales and profits. In presenting their case, Defendants stated that the reasons for their decision not to continue participating in the H-2A program included a desire to cut back on operating expenses and a concern about not having enough work for H-2A workers to do when they arrived at the farm.

After review, the Court finds that the jury verdict was not against the great weight of the evidence. Thus, sufficiency of the evidence is not grounds for a new trial.

    B. **Denial of the Motion in Limine**

Plaintiffs contend that the Court's denial of one of their motions in limine is grounds for a new trial. In the motion in limine at issue, Plaintiffs asked the Court to preclude Defendants from arguing that there was no adverse action. (Doc. 123 p. 7.) The Court denied the motion in limine, and Defendants were allowed to, and did, argue that there was no adverse action in this case. Plaintiffs contend that this was improper based on the Court's order on the motion for summary judgment in which the Court stated that Plaintiffs had produced enough evidence

to establish a prima facie case for retaliation, which includes adverse action. Plaintiffs contend that allowing Defendants to argue the adverse action prong of the prima facie case at trial was error justifying a new trial. The Court finds that this decision does not warrant a new trial for two reasons: (1) Plaintiffs waived any objection by failing to renew their objection at trial, and (2) the denial of Plaintiffs' motion in limine does not meet the standard to justify a new trial.

First, as to the issue of waiver, the Court finds that Plaintiffs waived any objection to the Court's treatment of the adverse action prong by failing to raise a formal objection during trial. The Eleventh Circuit has stated that a party must raise a specific objection at trial to preserve an issue for later review. In United States v. Khoury, 901 F.2d 948, 966 (11th Cir. 1990), the Eleventh Circuit held that a defendant failed to preserve a competency objection when he did not raise the objection at trial, even though he filed a motion in limine prior to trial on the issue. The court stated that "the overruling of a motion in limine does not suffice" for the preservation of an objection. Id. The logic behind the Khoury decision was that motions in limine are often filed to address hypothetical concerns that may or may not actually become an issue during a trial. Id.; *see also* Collins v. Wayne Corp., 621 F2d 777, 784 (5th Cir. 1980) (overruled on other grounds).[1] Thus, where many objections are raised in the pretrial phase, only a portion of these

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

5

are actually relevant during trial. Thus, the Eleventh Circuit has held that a party must restate any evidentiary issue with particularity during trial to preserve an objection. Khoury, 901 F.2d at 966.

In this case, Plaintiffs did not reraise the issue of the adverse action prong in an objection during trial.[2] There was some conversation about adverse action when Defendants moved for a directed verdict at the end of Plaintiffs' presentation of evidence. However, even though adverse action was mentioned, the Court has no recollection that any specific objection was ever made about the manner in which the adverse action prong was being handled at trial.

Additionally, Plaintiffs did not object to the portion in the jury instructions that instructed jurors to determine whether there was an adverse action in the case. The jury instructions, which were approved by both parties, read "[t]he remaining issues for you to decide are whether the plaintiffs suffered an adverse employment action, whether the plaintiffs have shown a causal connection between their protected activity and their loss of employment, and whether the plaintiffs suffered damages." (Doc. 145, p. 11-12.) By not expressing an objection, Plaintiffs waived their right to preserve an objection on the issue of sending the question of whether there was an adverse action to the jury.[3]

---

[2] The parties did not order a copy of the transcript, so there is no official transcript available for review. Thus, the conclusion that no formal objection was ever made is based on the Court's own recollection.

[3] It is well-established that failing to specifically object to jury instructions before final arguments or within a reasonable amount of time after the arguments waives any objection to the instructions. See FED. R. CIV. P. 51(c); Wood v.

The second reason that the Court finds Plaintiffs' argument about the motion in limine regarding adverse action to be unpersuasive is that the decision to deny the motion in limine, even if this decision was in error, does not meet the standard to justify a new trial. Federal Rule of Civil Procedure 61 states that

> [u]nless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

FED. R. CIV. P. 61. The Eleventh Circuit has interpreted this Rule as meaning that "a new trial is warranted only where the error has caused substantial prejudice to the affected party (or, stated somewhat differently, affected the party's 'substantial rights' or resulted in 'substantial injustice')." Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1162 (11th Cir. 2004). The central inquiry as phrased by the Eleventh Circuit is this: how much of an effect did the improperly admitted or excluded evidence have on the verdict? Id. To answer this question, a court must look at several factors including the number of errors, the closeness of factual disputes, and the prejudicial effect of the evidence at issue. Id. Other factors to be considered include whether counsel intentionally elicited the evidence, whether counsel focused on the evidence during the trial, and whether any cautionary or limiting instructions were given. Id. (citing Aetna Cas. & Sur.

---

President and Trustees of Spring Hill College, 978 F.2d 1214, 1221 (11th Cir. 1992) (determining that an objection to a jury instruction must be stated distinctly and specifically to preserve the objection).

Co. v. Gosdin, 803 F.2d 1153, 1160 (11th Cir. 1986); Nettles v. Electrolux Motor AB, 784 F.2d 1574, 1581 (11th Cir. 1986)).

In this case, consideration of these factors leads the Court to believe that the denial of the motion in limine and the admission of evidence about adverse action did not likely have a strong effect on the jury verdict. The main reason for the Court's conclusion is that the issue of adverse action was not a main point of emphasis during the trial. Defendants did argue the issue of adverse action in their closing argument, but it was not the primary focus. (Doc. 160, p. 35.) Notably, Plaintiffs also mentioned adverse action in their closing argument, stating that "the workers asked to be rehired, and they weren't rehired, they lost jobs. That's the adverse action that we proved." (Doc. 160, p. 4.) Thus, both parties seemed to have argued the issue of adverse action, giving the jury both of the parties' perspectives to consider. This lessens any potential adverse impact on the parties' substantial rights.

Considered in the context of the trial, the Court finds that there was no substantial prejudice to Plaintiffs based on the Court's denial of the motion in limine. For these reasons, the denial of Plaintiffs' motion in limine is not a sufficient reason to grant a new trial.

### C. **Refusal to Admit Sid Roberson's Letter**

Plaintiffs argue that a new trial is warranted because of the Court's refusal to admit Plaintiffs' Exhibit 117, a letter from Sid Roberson dated July 2008. (Doc. 57-3.) The letter, written on Defendants' letterhead, is addressed to Charlotte

Sanders and Dawson Morton.[4] In the letter, Mr. Roberson communicates with Ms. Sanders and Mr. Morton about the possibility of settling some of Plaintiffs' claims. The letter states that settlement could be possible on some issues so long as Wendell Roberson Farms could avoid rehiring Plaintiffs. (Doc. 57-3, p. 1, stating "[t]here should be no future rehire for all Plaintiffs.") In his letter, Mr. Roberson explains that the crops at the farm did not produce as well during the last season as expected and the farm was experiencing financial woes. He states "[w]e are trying to do the right thing with the plaintiffs."

In a pretrial order filed to address several evidentiary issues, the Court excluded this letter and twenty-six others that were similar to it. (Doc. 139.) The letters were excluded on the ground that the letters were unnecessary as exhibits at trial. The Court found that the letters did not add to the litigation history between the parties and that the letters did not add to Plaintiffs' argument about their desire to be rehired.

The decision to exclude the letter does not warrant a new trial for the same two reasons set forth above. *See* Section B, *supra*. First, Plaintiffs waived their objection to the Court's decision to exclude this letter by failing to renew their objection at trial. As stated above, based on the Court's recollection, there was no objection at trial related specifically to Plaintiffs' Exhibit 117. Thus, the objection is waived. Second, even if the decision to exclude the letter was in

---

[4] Charlotte Sanders formerly represented Plaintiffs. Mr. Morton is currently serving as counsel in this case.

9

error, an application of the <u>Peat</u> factors, listed above, leads the Court to believe that there was no detrimental impact on Plaintiffs' substantial rights based on the exclusion of this letter. Despite Plaintiffs' arguments to the contrary, the Court finds that the exclusion of the letter did not cause substantial injustice to Plaintiffs such that a new trial is warranted.

III.    **CONCLUSION**

In sum, based on the reasoning set out above, the Court finds that the three reasons argued by Plaintiffs for a new trial are without merit. The Motion for New Trial is denied.

**SO ORDERED**, this 20th day of May, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebrs